UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
_____

| | | |
|---|---|---|
| BRANDEIS UNIVERSITY and | ) | |
| GFA BRANDS, INC., | ) | |
| | ) | Nos. 1:12-cv-01508 |
| *Plaintiffs*, | ) | 1:12-cv-01509 |
| v. | ) | 1:12-cv-01510 |
| | ) | 1:12-cv-01511 |
| KEEBLER CO.; | ) | 1:12-cv-01512 |
| FAMOUS AMOS CHOCOLATE CHIP | ) | 1:12-cv-01513 |
| COOKIE COMPANY, LLC; | ) | |
| MURRAY BISCUIT CO. LLC; | ) | |
| VOORTMAN COOKIES LTD.; | ) | Judge Richard A. Posner. |
| BREMNER FOOD GROUP, INC.; | ) | |
| COOKIE SPECIALTIES INC.; | ) | |
| TOPCO ASSOCIATES LLC; | ) | |
| THE PILLSBURY COMPANY, LLC; | ) | |
| UNILEVER UNITED STATES, INC.; | ) | |
| CONOPCO, INC.; and | ) | |
| NESTLÉ USA, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

ORDER OF OCTOBER 18, 2012

**Recipe and Production Method Discovery [dkt. 345]**

Plaintiffs' motion to compel is granted in part. The defendants are ordered to produce information documenting the component ingredients and methods of producing each accused product at all times during the period of alleged infringement. The defendants' production shall provide all relevant details (exemplified by Keebler's operating manual for the mini vanilla wafers).

Bremner's counsel represented at today's hearing that he cannot produce such documents because Bremner does not have written instructions for producing its

products that are comparable in specificity to the instructions in Keebler's operating manual. Bremner must file an affidavit by Friday, October 19, attesting to whether this is the case, and explaining the level of specificity of any written instructions that it does maintain. If Bremner does not have written instructions comparable to Keebler's operating manual, it must explain how its production method is communicated to its employees, and must identify employees who have knowledge of the method.

**Recipe, Production and Sales Link**

Through interrogatories, the plaintiffs request a narrative description that links recipes and preparation instructions to sales data. This is necessary to identify which products (if any) infringe its patents, given that recipes and production methods for any given product may change over time, and to associate (potentially) infringing products with sales information in order to establish damages. Because of the volume of documents necessary to enable this linkage, and the idiosyncratic manner in which the data appear to be kept, the defendants have a significant advantage in linking production and sales information. Each defendant who appeared today shall promptly produce a single document that links information about the ingredients and production methods of each accused product (such as a detailed operating manual) to existing sales data. Linking may be done by SKU or UPC or by some other product identification method. The document shall also identify the time period during which each recipe and production process were in effect.

**Bremner and Topco's Marketing and Contract Documents [dkt. 351]**

The plaintiffs' motion to compel Bremner and Topco to produce documents relating to marketing and to manufacturing contracts is granted. Bremner and Topco claim that they were unaware that the plaintiffs wanted documents other than "traditional" marketing materials, and say they will produce all requested documents by October 26. That is hard to believe, and the suggested deadline would harm the plaintiffs; their depositions (some of which are scheduled for next Tuesday, October 23) and expert witness preparation will suffer if Bremner and Topco do not act with dispatch. As soon as possible, Bremner and Topco must comply with the plaintiffs' document requests, which cover marketing materials (traditional or not), documents showing the market demand for particular products (such as price lists and market studies), and documents relating to manufacturing agreements (such as contracts and purchase orders from Topco and other buyers). The plaintiffs, Bremner, and Topco shall

file affidavits no later than October 29 certifying compliance (or lack of compliance) with this order; I will withhold judgment on costs, fees, and other relief until that time.

**Deposition of Kalyana Sundram**

The defendants have sought unsuccessfully to depose Dr. Kalyana Sundram, one of the inventors of the patents at issue in this litigation. The plaintiffs represented at today's hearing that they have a contractual agreement with Dr. Sundram to provide testimony as required in this case, but that despite their diligent efforts they have been unable to secure his appearance at a deposition by the defendants because he is based in Malaysia and frequently travels for business. The plaintiffs must continue to make diligent efforts to secure Dr. Sundram's participation in a live or video deposition, and to produce relevant documents. Should Dr. Sundram's continued delay affect the defendants' expert reports, I will consider motions by the defendants to supplement their expert reports.

                                                   United States Circuit Judge

October 18, 2012