IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDEIS UNIVERSITY and GFA BRANDS, INC.,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**BREMNER FOOD GROUP, INC. and TOPCO ASSOCIATES, LLC,**<br><br>*Defendants* | Civil Action No. 1:12-cv-1510<br><br>Judge Richard A. Posner<br><br>Consolidated Under No. 1:12-cv-1508<br><br>**ATTACHMENTS FILED UNDER SEAL** |

## DECLARATION OF JENNIFER E. HOEKEL

I, Jennifer E. Hoekel, declare as follows

1. I am counsel of record for Bremner Food Group, Inc. ("Bremner") and Topco Associates LLC ("Topco"). This Declaration is filed in accordance with the Court's Order of October 18, 2012 demonstrating Bremner's and Topco's compliance therewith.

2. I have personal knowledge of the facts contained in this Declaration and could, and would, competently testify to them if called upon to do so.

3. On October 19, 2012, Terry Melton, the Director of Operations at Bremner's Princeton manufacturing facility, submitted a declaration explaining how Bremner's production methods are communicated to its employees. A true and correct copy of Terry Melton's declaration is attached hereto as **Exhibit A**. Bremner has therefore complied with the portion of this Court's Order of October 18, 2012 ("October 18 Order") requiring Bremner to submit an affidavit explaining how its production methods are communicated to its employees and has identified employees who have knowledge of the method.

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**

4. On October 28, 2012, Bremner produced a single document indicating the component ingredients and methods of producing each accused product at all relevant times during the period of alleged infringement. Bremner supplemented this document on October 29, 2012 to include three additional "batch reports" for formula BW0044 which were omitted from the original document because they had not yet been located and scanned into electronic format.

5. Bremner does not maintain financial sales attributable to specific formulas in the ordinary course of business. As a result, the financial portion of the single document, BREM016407-16420, was prepared specifically to comply with the October 18 Order, based on the information accessible to Bremner after searching.

6. The mixing sheets and batch reports also contained in this single document indicate the component ingredients and the method of producing each accused product at all relevant times during the period of alleged infringement. These mixing sheets and batch reports are from the set of documents stored at Bremner's Ripon, Wisconsin and Princeton, Kentucky facilities. These are the same documents which Defendants had offered to make available to Plaintiffs for inspection on numerous occasions prior to Plaintiffs filing their motions to compel on October 12, 2012.

7. During a telephonic meet-and-confer which took place on September 7, 2012, Bremner's counsel, Scott Eidson, informed counsel for plaintiffs, Martha Snyder and Stephen Gardner, that there were approximately 175-200 boxes of relevant documents at Bremner's Princeton, KY facility, and 200-225 boxes of relevant documents at Bremner's Ripon, WI facility. During the October 18 hearing on Plaintiffs' motions to compel, a transcript of which is attached hereto as **Exhibit B**, Counsel for Plaintiffs mistakenly told the Court that Defendants had not identified the location and volume of these records. **Exhibit B** at 23-24, 28.

8. The single document also links information about the ingredients and production methods of each accused product to existing sales data. Because Bremner does not maintain operating manuals specific to any of its accused products, the document includes mixing reports from the relevant periods of alleged infringement in order to show the production methods and ingredients of each accused product and how those have changed over time.

9. By producing the single document, Bremner has complied with the portions of the October 18 Order requiring Bremner to (1) produce information documenting the component ingredients and methods of producing each accused product at all times during the period of alleged infringement, and (2) produce a single document linking information about the ingredients and production methods of each accused product to existing sales data, and identifying the time period during which each recipe and production process were in effect.

10. On October 25 and 26, 2011, Bremner produced numerous documents responsive to Plaintiffs' document requests related to marketing materials, price lists, market studies and documents relating to manufacturing agreements. These documents bear Bates nos. BREM010234-103319, 13352-16372. These documents include, among other things, a summary of purchase orders for Bremner's animal cookies, animal crackers and vanilla wafers from June 2005 to October 2012. Several pages from this document are attached hereto as **Exhibit C**, which contain information representative of the remainder of the document. In a telephonic conference which took place on October 26, 2012, Kristin G. Noel, counsel for Plaintiffs, represented that this document should be sufficient for purposes of complying with the October 18 Order in lieu of the approximately 58,000 purchase orders stored in hard copy which are summarized in the document.

11. Bremner complied with the portion of the October 18 Order related to marketing and contract documents as soon as it was possible to compile and produce the ordered documents.

12. In producing all documents immediately as they were gathered and in advance of the Court's October 29 deadline, Bremner believes that it has complied completely with the Court's Order.

13. Counsel for Plaintiffs have indicated that they believe Bremner has not fully complied with the October 18 Order because these documents were not all produced in advance of the 30(b)(6) depositions that occurred early last week. Again, many documents were produced in advance of the depositions. However, to the extent that the Court finds that Bremner has not fully complied with the Order, Bremner has mitigated any prejudice to Plaintiffs by making additional deposition witnesses available to Plaintiffs at Plaintiffs' counsel's offices. Plaintiffs and Bremner have agreed to hold an additional deposition on liability topics on November 1, 2012, in Madison, Wisconsin. Plaintiffs and Defendants have also tentatively agreed to hold an additional deposition on topics related to damages on November 2, 2012.

14. As to Topco, it purchases the accused products from certain manufacturers (e.g. Bremner) and resells them its members (e.g. grocery stores). Topco members use their group buying power to obtain volume discounts on certain products (e.g. vanilla wafers). On October 23rd, Plaintiffs' counsel took the Rule 30(b)(6) deposition of Topco Associates, LLC in Chicago, Illinois to further explore these facts.

15. Prior to that deposition, Topco produced records identifying: (1) all the manufacturers of its vanilla wafers and animal crackers since September 2005; (2) the total purchase price, sale price, and spread for each vanilla wafer and animal cracker sold; and (3) the

PO number, order number, customer, and brand that each vanilla wafer and animal cracker was sold under. Representative examples of these records are attached hereto as **Exhibits D-F**. In addition, prior to this deposition, Topco produced marketing materials related to vanilla wafers and animal crackers it distributes, and product packaging for the cookie products it distributes (including, but not limited to vanilla wafers and animal crackers). Also, prior to the deposition, Topco produced, among other things, audited financial statements, certain monthly financial statements, and certain product testing documents and marketing materials related to vanilla wafers.

16. During Topco's October 23 deposition, Topco explained how it "markets" (or does not market) the accused products to its members, and why it does not have traditional marketing materials. At the deposition, Plaintiffs' counsel asked for additional documentation, and other follow-up information related to the accused products. In response to these requests, Topco produced all of the information requested. Topco believes it has fully complied with the Court's October 18 Order and has not heard otherwise from Plaintiffs.

17. During the October 18, 2012 hearing, counsel for the Plaintiffs stated to the Court that they "do not believe that they [Topco] don't have any documents regarding the cookie formulas of the accused products or testing of the same." **Exhibit B** at 36.

18. During the October 23, 2012 deposition, Topco fully described the "testing" that is done at its labs and how it does not receive product formulas for any of the products manufactured by its suppliers. Instead, Topco relies on its suppliers to comply with all applicable laws and rules, as set forth in Topco's product supplier agreement. A true and correct copy of the Topco product supplier agreement with Bremner is attached hereto as **Exhibit G**. This is because Topco is not a manufacturer of the accused products. To the extent the October

5

18 Order required Topco to produce information related to the formulas of the accused products, such as the component ingredients used in formulas, the method of producing the accused products, and information linking existing sales data to the ingredients used in the accused products,

19. In producing all documents immediately as they were gathered and in advance of the Court's October 29 deadline, Topco believes that it has complied completely with the Court's Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: October 29, 2012 ____/s/ Jennifer E. Hoekel______________