UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
_____

| | | |
|---|---|---|
| BRANDEIS UNIVERSITY and | ) | |
| GFA BRANDS, INC., | ) | |
| | ) | Nos. 1:12-cv-01508 |
| *Plaintiffs,* | ) | 1:12-cv-01509 |
| v. | ) | 1:12-cv-01511 |
| | ) | 1:12-cv-01513 |
| KEEBLER CO.; | ) | |
| FAMOUS AMOS CHOCOLATE CHIP | ) | |
| COOKIE COMPANY, LLC; | ) | |
| MURRAY BISCUIT CO. LLC; | ) | Judge Richard A. Posner. |
| VOORTMAN COOKIES LTD.; | ) | |
| BREMNER FOOD GROUP, INC.; | ) | |
| COOKIE SPECIALTIES INC.; | ) | |
| TOPCO ASSOCIATES LLC; | ) | |
| and NESTLÉ USA, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

ORDER OF JANUARY 11, 2013

The parties' *Daubert* motions have raised two questions concerning the proper construction of the patents in this case:

(1) Many of the numerical ranges and ratios in the claims express the quantity of specific fatty acids as a percentage of the weight of the blended fat composition. My *Markman* order of August 24, 2012 addresses the denominator in these ratios, stating that the weight of the fat composition "describes the constituents' weight in terms of the weight of the triglycerides in the blended fat composition." My order does not address the numerator, the weight of the fatty acids themselves. Fatty acids contain a hydroxide molecule that is lost when fatty acids combine with glycerol to form a triglyceride. The *Daubert* challenge to Dr. Peter J.H. Jones raise the question of whether the weight of the hydroxide molecule should be included in the weight of the fatty acid. The plaintiffs

correctly argue that this is a question of claim construction rather than, as the defendants have suggested, a question of the reliability of Dr. Jones's methodology.

(2) My *Markman* order also defined the term "margarine" in the '192 patent as "a butter substitute, having flavorings or other additives, that constitutes an emulsion with a water phase and an oil phase." But I did not resolve whether a margarine, as a butter substitute, must be a "stable" emulsion—that is, whether the water and oil must remain evenly dispersed for a certain period of time before separating. The *Daubert* challenges to Mr. Harold R. Russell and Mr. Allan Roden raise the question of whether the patent, as construed in the *Markman* order, requires a margarine to remain stable, and if so for how long.

The parties are ordered to simultaneously brief these two questions of claim construction by Monday, January 14. The deadline to file summary judgment motions is extended to Tuesday, January 29. All other deadlines remain the same.

Richard A. Posner

United States Circuit Judge

January 11, 2013